Patrick J. Schofield, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 13, 1979, before Judges MENCER, DiSALLE and MACPHAIL, sitting as a panel of three.

*Thomas M. Ballaron,* for appellant.

*Linda M. Gunn,* Assistant Attorney General, for appellee.

OPINION BY JUDGE MENCER, December 6, 1979:

Patrick J. Schofield (petitioner) received unemployment compensation benefits subsequent to his application for, and receipt of, public assistance and failed to report, as required,[1] these benefits to the Department of Public Welfare (Department).[2] The Department, upon discovering petitioner's receipt of unemployment compensation, determined that petitioner had received a nonfault public assistance overpayment and sought restitution.[3] Petitioner challenged the Department's right to restitution on the ground that he was exempt from restitution under 55 Pa. Code §255.3 (c)(1), which provides:

---

[1] *See generally* 55 Pa. Code §§125.21(a), 177.23(a)(8)(i), 255.1 (4) ; Section 432.14(b) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 9, 1976, P.L. 993, 62 P.S. §432.14(b).

[2] On January 6, 1977, petitioner applied for and was granted public assistance and filed an unemployment compensation claim. He informed the Department about the pending unemployment compensation claim. On January 27, 1977, claimant received unemployment benefits in connection with an unrelated unemployment compensation claim filed before January 6. On February 15, 1977, he was granted unemployment compensation in connection with his January 6 claim. On or about February 16, he called and went to the local office of the Department to inform it of his employment benefits but was unable to contact his caseworker. Allegedly, he gave the information to the receptionist but it was not passed along. The Department discovered the receipt of the first unemployment benefits on February 16, 1977 and of the second on May 4, 1977 as a result of an inquiry of the Office of Employment Security. There is no dispute that petitioner was overpaid $511.41.

[3] Restitution is provided for under Section 432.16 of the Public Welfare Code, 62 P.S. §432.16, and 55 Pa. Code §§255.1-.4.

(e) EXEMPTIONS FROM RESTITU-
TION. Restitution will be waived on overpay-
ments that are as follows:

(1) Due solely to administrative error.
The overpayment will be due to adminsistrative
error only if all of the following conditions
exist:

(i) The County Office failed to get, inter-
pret, or apply appropriately the facts about the
situation of the client.

(ii) The client fulfilled his obligation for
reporting to the best of his ability.

(iii) The client could not have been ex-
pected to know that his grant was more than he
was eligible to receive.

Petitioner appeals the Department's denial of this ex-
emption.

Petitioner argues that the overpayment resulted
solely from administrative error and that the condi-
tions necessary to establish administrative error exist
in this case. Specifically, he argues that, by failing
to promptly ascertain petitioner's receipt of unem-
ployment compensation when it had knowledge that
petitioner's claim was pending and when it should
have known of petitioner's inability to understand
and comply with his obligation to report this addi-
tional income, the Department failed to get and apply
appropriately the facts about petitioner's situation.
We disagree.

The hearing examiner concluded that petitioner did
not sufficiently establish his inability to understand
and comply with the Department's plan for reporting
changes in income. This conclusion is supported by
the evidence. The record indicates that Department
personnel specifically discussed with petitioner his ob-
ligation to report the receipt of unemployment com-
pensation benefits if granted.

Petitioner testified that he knew he was required to report the income and, in fact, attempted to do so, though unsuccessfully. While a clinical psychologist testified that petitioner's ability to make rational decisions and take reasonable action when faced with complex situations is limited, he also concluded that petitioner is capable of performing simple tasks.

Given the determination that petitioner was capable of reporting this income and was obligated to do so, we cannot say that the Department erred in not promptly investigating, for itself, petitioner's pending unemployment compensation claim.[4] Moreover, even if the hearing examiner had concluded that petitioner was unable to fulfill his obligation, the record does not show that the Department had any reason to suspect this until some time after the overpayment was discovered. Therefore, it cannot be concluded that the Department inappropriately applied information about petitioner's situation. Because the first condition to establish administrative error was not shown to exist, the Department properly concluded that the exemption from restitution was not justified.[5]

### ORDER

AND Now, this 6th day of December, 1979, the order of the Department of Public Welfare, dated April 24, 1978, denying the appeal of Patrick J. Schofield, is affirmed.

---

[4] Rather than erring administratively, the Department, in fact, appears to have made a very timely investigation of petitioner's situation.

[5] On the basis of the record before us, we note that this case involves an unfortunate set of somewhat confusing circumstances and incidents in which there was an apparent lack of effective communication on the part of one or both parties. Nevertheless, we are satisfied that petitioner did receive assistance to which he was not entitled and that this overpayment did not arise out of administrative error as contemplated by the Department regulations.